CASPER J. RANKIN (CA SBN 249196)
ERIN L. LANEY (CA SBN 259863)
PITE DUNCAN LLP
4375 Jutland Drive, Suite 200
P.O. Box 17933
San Diego, CA 92177-0933
Telephone: (858) 750-7600
Facsimile: (619) 590-1385

Attorneys for   JPMORGAN CHASE BANK, NATIONAL ASSOCIATION, AS SUCCESSOR-IN-INTEREST TO WASHINGTON MUTUAL BANK, F/K/A WASHINGTON MUTUAL BANK, FA

UNITED STATES BANKRUPTCY COURT

SOUTHERN DISTRICT OF CALIFORNIA

| In re | Case No. 10-16798-LT-13 |
|---|---|
| ELENA ABAN LOUCKS, | Chapter 13 |
| Debtor(s). | OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN |
| | CONFIRMATION HEARING:<br>DATE:   February 23, 2011<br>TIME:   2:00 PM<br>CTRM:   Dept. 4, Room 328 |

JPMorgan Chase Bank, National Association, as Successor-in-Interest to Washington Mutual Bank, f/k/a Washington Mutual Bank, FA[1] (hereinafter "Creditor"), secured creditor of the above-entitled Debtor, Elena Aban Loucks (hereinafter "Debtor"), hereby objects to the Chapter 13 Plan filed by Debtor in the above-referenced matter. The basis of the objection is stated below:

**I.**

**STATEMENT OF FACTS**

1.  On or about September 7, 2005, Debtor and Scott D. Loucks (hereinafter "Borrowers"), for valuable consideration, made, executed and delivered to Washington Mutual Bank, FA (hereinafter "Lender") a Promissory Note in the principal sum of $265,500.00 (the "Note"). Pursuant to the Note, Debtor is obligated to make monthly principal and interest payments.

---

[1] This Objection to Confirmation of Chapter 13 Plan shall not constitute a waiver of the within party's right to receive service pursuant to Fed. R. Civ. P. 4, made applicable to this proceeding by Fed. R. Bankr.. P. 7004, notwithstanding Pite Duncan, LLP's participation in this proceeding. Moreover, the within party does not authorize Pite Duncan, LLP, either expressly or impliedly through Pite Duncan, LLP's participation in this proceeding, to act as its agent for purposes of service under Fed. R. Bankr. P. 7004.

-1-

1 | A copy of the Note is attached hereto as exhibit A and incorporated herein by reference.

2. On or about September 7, 2005, Borrowers made, executed and delivered to Lender a Deed of Trust (the "Deed of Trust") granting Lender a security interest in certain real property located at 2876 B Casey Street, San Diego, California 92139 (hereinafter the "Subject Property"), which is more fully described in the Deed of Trust. The Deed of Trust was recorded on September 14, 2005, in the official records of the San Diego County Recorder's office. A copy of the Deed of Trust is attached hereto as exhibit B and incorporated herein by reference. Thereafter, Borrowers defaulted with payments under the Note and is contractually due for July 1, 2009.

3. On or about September 25, 2008, WAMU was closed by the Office of Thrift Supervision and the FDIC was named receiver. As authorized by Section 11(d)(2)(G)(i)(II) of the Federal Deposit Insurance Act, 12 U.S.C. Section 1821(d)(G)(i)(II), the FDIC, as receiver of WAMU, may transfer any asset or liability of WAMU without any approval, assignment, or consent with respect to such transfer. Pursuant to the terms and conditions of a Purchase and Assumption Agreement between the FDIC as receiver of WAMU and Creditor dated September 25, 2008, Creditor acquired certain of the assets, including all loans and all loan commitments of WAMU. As a result, on September 25, 2008, Creditor became the owner of the loans and loan commitments of WAMU.

4. On or about September 22, 2010, Debtor filed a Chapter 13 bankruptcy petition. Debtor's Chapter 13 Plan provides for payments to the Trustee in the sum of $83.00 per month for five (5) months, $343.00 per month for six (6) months, and $988.00 per month for forty-nine (49) months. However, the Debtor's/Debtors Chapter 13 Plan makes no provision for the cure of Creditor's pre-petition arrears.

5. The pre-petition arrearage on Creditor's secured claim is in the sum of $21,040.86

6. Debtor will have to increase the payment through the Chapter 13 Plan to this Creditor to approximately $350.68 monthly in order to cure Creditor's pre-petition arrears over a period not to exceed sixty (60) months.

Creditor now objects to the Chapter 13 Plan filed herein by the Debtor.

**II.**

-2-

## ARGUMENT

Application of the provisions of 11 United States Code section 1325 determines when a plan shall be confirmed by the Court. Based on the above sections, as more fully detailed below, this Plan cannot be confirmed as proposed.

**A.  DOES NOT MEET FULL VALUE REQUIREMENT**
11 U.S.C. § 1325(a)(5)(B)(ii).

The amount of arrearage specified in the Debtor's Chapter 13 Plan is incorrect. The pre-petition arrears specified in the Chapter 13 Plan are $0.00. The actual pre-petition arrears equal $21,040.86. As a result, the Plan fails to satisfy 11 U.S.C. § 1325(a)(5)(B)(ii).

**B.  PROMPT CURE OF PRE-PETITION ARREARS**
11 U.S.C. § 1322(d).

Debtor will have to increase the payment through the Chapter 13 Plan to this Creditor to approximately $350.68 monthly in order to cure Creditor's pre-petition arrears over a period not to exceed sixty (60) months.

WHEREFORE, Creditor respectfully requests:

1. That confirmation of the Debtor's Chapter 13 Plan be denied;
2. That Debtor's case be dismissed;
3. Alternatively, that the Plan be amended to reflect that the pre-petition arrears listed in Creditor's Proof of Claim be paid within a period not exceeding 60 months; and
4. Alternatively, that the Plan be amended to reflect that Creditor maintains a fully secured claim which is subject to an Adequate Protection Order requiring the Debtor to maintain current Plan payments to the Chapter 13 Trustee; and

/././
/././
/././
/././
/././

1     5.    For such other and further relief as this Court deems just and proper.

Dated: November 5, 2010

Respectfully submitted,
PITE DUNCAN LLP

/s/ CASPER J. RANKIN (CA SBN 249196)
Attorneys for JPMORGAN CHASE BANK, NATIONAL ASSOCIATION, AS SUCCESSOR-IN-INTEREST TO WASHINGTON MUTUAL BANK, F/K/A WASHINGTON MUTUAL BANK, FA

-4-

UNITED STATES BANKRUPTCY COURT

SOUTHERN DISTRICT OF CALIFORNIA

CASE NO. 10-16798-LT-13

CERTIFICATE OF SERVICE BY MAIL

I, Cecelia Casillas, am a resident of San Diego, California, and I am over the age of eighteen (18) years, and not a party to the within action. My business address is 4375 Jutland Drive, Suite 200; P.O. Box 17933, San Diego, CA 92177-0933.

I served the attached OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN, NOTICE OF HEARING ON OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN by placing a true copy thereof in an envelope addressed to:

SEE ATTACHED SERVICE LIST

which envelope was then sealed and postage fully prepaid thereon, and thereafter on November 5, 2010, deposited in the United States Mail at San Diego, California. There is regular delivery service between the place of mailing and the place so addressed by the United States Mail.

I certify under penalty of perjury that the foregoing is true and correct.

Dated: November 5, 2010          CC
                                 CECELIA CASILLAS

**SERVICE LIST**

**DEBTOR(S)**

Elena Aban Loucks
2876 Block Casey Street
San Diego, CA 92139

**DEBTOR(S) ATTORNEY**

David A St John
Law Offices of David A St John
309 South A St
Oxnard, CA 93030-5804
Email: dsj@law-pro.net

**CHAPTER 13 TRUSTEE**

David L. Skelton
525 B St., Suite 1430
San Diego, CA 92101-4507

**U.S. TRUSTEE**

Chapter 13 Trustee
Department of Justice
402 West Broadway, Suite 600
San Diego, CA 92101-8511